**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JESSICA RYDER | : | |
| | : | No. |
| VS. | : | **JURY TRIAL DEMANDED** |
| CARDIONET, INC. | : | |

### CIVIL ACTION COMPLAINT

1. The Plaintiff, Jessica Ryder, is an adult individual who resides at 400 North DuPont Highway, Apt. D-33, Dover, DE 19901.

2. The defendant, Cardionet, Inc., is a corporation registered to transact business in the Commonwealth of Pennsylvania and has a place of business located at 227 Washington Street, Suite 200, Conshohocken, PA 19428.

### Jurisdiction

3. This matter has federal jurisdiction pursuant to the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), 29 U.S.C. Section 2601, et seq.

### Facts

4. Plaintiff commenced employment with defendant on about

December 8, 2008 as an EKG Technician.

5. At all times material hereto, plaintiff's mother was gravely ill and suffered from breast cancer which metasticized into her liver, and this condition qualified as serious and/or chronic health condition pursuant to the FMLA.

6. The defendant was, at all times material hereto, an "employer" pursuant to the FMLA in that it was engaged in commerce and employed 50 or more employees.

7. As of December 8, 2009, plaintiff was an eligible employee under the FMLA because she was employed by defendant for more than one year and she worked at least 1250 hours in the 12 months prior to December 8, 2009. Plaintiff was entitled to take up to 12 work weeks of FMLA leave in the 12 month period following December 8, 2009.

8. In December 2009, plaintiff submitted a formal written request for intermittent FMLA leave filled out by her mother's physician so that she could care for her terminally ill mother.

9. Plaintiff's request for intermittent leave was approved by defendant.

10. On or about March 16, 2010, plaintiff's mother underwent chemotherapy and was completely incapacitated between about March 16, 2010 and March 22, 2010.

11. Plaintiff notified defendant that she had to take off work on March 19, 2010, March 20, 2010, March 21, 2010 and March 22, 2010. She properly called out pursuant to defendant's call out procedure each day that she was absent.

12. On March 23, 2010, defendant verbally demanded a doctor's note to cover the aforementioned four day absence, but plaintiff did not have a doctor's note at that time.

13. On March 23, 2010, defendant terminated plaintiff because she did not bring in a doctor's note to excuse her from attending work.

14. When confronted about the unfairness of defendant's decision to terminate plaintiff, defendant's agent commented that "we did what we needed to do."

15. Plaintiff's mother passed away twelve days later on April 4, 2010.

16. The defendant's proffered reason for plaintiff's termination was an intentional violation of the FMLA because defendant knew that it was required to give plaintiff 15 days to deliver her certification after it was requested. 29 U.S.C. Section 825.305(b).

17. At all times material hereto, plaintiff notified the defendant of her need to take intermittent FMLA leave and the

expected frequency and duration of her anticipated FMLA protected leave as soon as was practicable as required by the FMLA.

18. Plaintiff's mother's treating doctors were health care providers as defined by the FMLA.

19. During all times material hereto, plaintiff's mother was diagnosed with serious health conditions under the FMLA, and she was placed a plan of continuing treatment by her health care providers including medication, chemotherapy, office visits, testing and examination.

## COUNT 1- FMLA

20. Plaintiff incorporates by reference paragraphs 1-19 below.

21. Defendant and its agents intentionally violated the FMLA by terminating plaintiff because she exercised her rights under the FMLA, and requested FMLA protected leave.

22. Defendant and its agents intentionally violated the FMLA by terminating plaintiff in retaliation for requesting and taking FMLA protected leave.

23. Defendant and its agents intentionally violated the FMLA by discriminating against plaintiff and terminating plaintiff for requesting FMLA protected leave.

24. Defendant unlawfully interfered with plaintiff's FMLA rights by refusing to permit her to return to her former position or equivalent after her intermittent leave had ended.

25. As a direct result of defendant's intentional and unlawful denial of plaintiff's FMLA rights and its termination of plaintiff's employment as described herein above, plaintiff has suffered and will continue in the future to suffer actual damages in the form of lost pay, lost bonuses, lost benefits and other financial losses.

26. Plaintiff has engaged in great efforts to mitigate her damages by searching for new employment, but she has been unsuccessful in her efforts to find equivalent employment to date.

27. Plaintiff is entitled to liquidated damages in an amount which is two (2) times actual damages because defendant and its agents intentionally, and/or in bad faith, violated the FMLA.

28. Plaintiff is entitled to recover reasonable attorneys fees and costs associated with the prosecution of this lawsuit.

29. Plaintiff is entitled to reinstatement of her employment.

WHEREFORE, plaintiff demands that judgment be entered in his favor against defendant for lost pay, lost bonuses, lost benefits, other financial losses, liquidated damages, attorneys fees, costs, interest, reinstatement of employment and any other relief that this Honorable Court deems to be fair and proper.

/s/ Samuel A. Dion

Samuel A. Dion, Esq.
Signature Code: SAD2282
Dion & Goldberger
1616 Walnut Street
Suite 1100
Philadelphia, PA 19103
215-546-6033 (tel)
215-546-6269 (fax)
samueldion@aol.com
Attorney for Plaintiff